**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| Elizabeth Ann De Paula Arias, | ) | Bankruptcy No. 13 B 44880 |
| | ) | Chapter 13 |
| Debtor. | ) | Judge Jack B. Schmetterer |

To:    See Attached List

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that on **May 14, 2014,** I filed with the United States Bankruptcy Court, at 219 S. Dearborn St., Chicago, Illinois, **Creditor's Response to Debtor's Objection to Proof of Claim**. A true and correct copy of the same is attached hereto and served upon you.

Julie E. Crabbe
660 W. Wayman St., #707
Chicago, IL 60661
P: (810) 459-3866
jcrabbe@juliecrabbelaw.com

**CERTIFICATE OF SERVICE**

I, Julie E. Crabbe, an attorney, certify that I caused a copy of the foregoing Notice and Motion to be served on the parties listed on the attached service list by electronic notice where indicated, or by first class mail by depositing with the United States Postal Service, Chicago, Illinois, postage prepaid, prior to 5:00 P.M., this 15th day of May, 2014.

          /s/ Julie E. Crabbe
                Julie E. Crabbe

**Notice List**
**Elizabeth Ann De Paula Arias**
**13 B 44880**

Elizabeth Ann De Paula Arias
856 North Maple Ave.
Palatine, IL 60067

Bruning & Associates, P.C.
Attn: Katerina Tsoukalas-Heitkemper
Debtor's Attorney
kheitkemper@bruninglaw.com

Tom Vaughn
Trustee
ecf@tvch13.net

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| IN RE: ) | |
| Elizabeth Ann De Paula Arias, ) | Bankruptcy No. 13 B 44880 |
| ) | Chapter 13 |
| ) | |
| Debtor. ) | Judge Jack B. Schmetterer |

**CREDITOR'S RESPONSE TO DEBTOR'S OBJECTION TO PROOF
OF CLAIM OF SUTTON PARK PLACE HOMEOWNER'S ASSOCIATION**

NOW COMES Sutton Park Place HOA, a secured creditor herein, by and through its attorney, Julie E. Crabbe, and in response to Debtor Elizabeth Ann De Paula Arias' Objection, states as follows:

1. Debtor Elizabeth Ann De Paula Arias ("Debtor") objects to Sutton Park Place HOA's ("Creditor") Proof of Claim claiming there is no legal basis for Creditor to recover attorney fees, as well as claiming Creditor has not demonstrated it is the holder of a secured interest on Debtor's property or that the lien is perfected.

2. Creditor is entitled to recovery of the full amount listed on the Proof of Claim, including attorney fees, for the following reasons:

   a. Debtor's first objection claim is that Creditor is not entitled to attorney fees for the monitoring of a mortgage foreclosure action under the Illinois Condominium Property Act or the Creditor's governing documents.

      i. The Illinois Condominium Property Act states the following:

         "If any unit owner shall fail or refuse to make any payment . . . when due, the amount thereof together with any interest, late charges, reasonable attorney fees incurred enforcing the covenants . . . and costs of collections shall constitute a lien on the interest of the unit owner in the property . . ."    765 ILCS 605/9(g)(1).

ii. In addition, the Creditor's governing document ("Declaration") states that the Creditor may bring an action against a homeowner who is personally obligated to pay assessments and "recover the same, including interest, costs and reasonable attorneys' fees for any such action, which shall be added to the amount of such assessment and included in any judgment rendered in any such action." See Exhibit "A", Section 4.8, Creditor's Declaration.

iii. In addition, Section 506(b) of the Bankruptcy Code also provides that reasonable fees, costs, or charges are compensable. See 11 U.S.C. § 506(b), see also In re Nix, 2013 WL 4460259 (N.D. Ill., Aug. 15, 2013).

iv. Contrary to the Debtor's claims, the Illinois Condominium Property Act, as well as Creditor's Declaration and the Bankruptcy Code, clearly allows for Creditor's recovery of assessments due by Debtor, as well as reasonable attorney fees incurred while trying to collect past due association fees.

v. Creditor's accounting of Debtor's pre-petition balance shows Creditor spent two years attempting to collect past due association fees. Part of those attempts included monitoring the Debtor's foreclosure lawsuit initiated by the Debtor's mortgage company.

vi. Over the course of two years the Debtor incurred approximately $7,291.08 worth of debt with the Creditor. Of this amount, Creditor spent a relatively small portion on attorney fees in order to assess the situation and attempt to collect past due association fees. A copy of the Proof of Claim filed, along with accounting of pre-petition debt is attached hereto as Exhibit "B".

vii. For the above reasons, along with the statutory authority, Creditor maintains

    the attorney fees spent on attempting to recover thousands of dollars of past due assessments are reasonable.

  b. Debtor's second objection claim is that Creditor has failed to set forth any documentation demonstrating it is the holder of a secured interest on Debtor's property or that a lien has been perfected.

    i. By Debtor's own admission on Amended Schedule D, attached hereto as <u>Exhibit "C"</u>, Creditor holds a secured claim against Debtor's residence located at 856 N. Maple Ave., Palatine, Illinois ("Property").

    ii. In addition, the Illinois Condominium Property Act also gives the Creditor a valid and continuing statutory lien against the Debtor's interest in the Property. 765 ILCS 605/9(g)(1).

    iii. The attached Declaration also shows the document was recorded with the Cook County Recorder of Deeds on February 2, 2009, and in the Declaration states Creditor's right to create a lien in its favor and against the Debtor for failure to pay past due assessments.

3. Debtor's Objection attempts to pay Creditor only $1,821.08 of the $7,291.08 pre-petition balance due. If the Court were to grant this Objection then Creditor would not only lose reasonable attorney fees spent attempting to collect past due assessments, but Creditor would also lose the actual past due assessments.

4. For the reasons stated above, Creditor respectfully requests that Debtor's objection to Creditor's Proof of Claim be denied, along with Debtor's counsel's request for attorney fees. Creditor also requests that Debtor be required to amend her confirmed Chapter 13 plan to pay the full amount of the Proof of Claim filed by the Creditor.

5. In addition, Creditor requests that Debtor be responsible for paying Creditor's attorney's fees in the amount of $325.00 incurred by responding to this objection.

WHEREFORE, Creditor Sutton Park Place HOA prays for an order denying Debtor's Objection, requiring Debtor to pay Creditor's proof of claim in full during the plan term, to modify her confirmed plan to pay Proof of Claim #3-1 in full, and to pay Creditor's attorney's fees associated with responding to the objection.

Respectfully submitted,
Sutton Park Place HOA

By:___/s/ Julie E. Crabbe_____
         Creditor's attorney

Julie E. Crabbe
660 W. Wayman St., #707
Chicago, IL 60661
P: (810) 459-3866
jcrabbe@juliecrabbelaw.com